**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALFREDO PINTOR IZQUIERDO, | No. 12-71219 |
| Petitioner, | Agency No. A097-473-509 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2016**

Before:    LEAVY, BERZON, and MURGUIA, Circuit Judges.

Alfredo Pintor Izquierdo, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for withholding of

removal and protection under the Convention Against Torture ("CAT").   We have

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **      The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo conclusions of law. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We grant the petition for review and we remand.

The agency determined that Pintor Izquierdo's past harm rose to the level of persecution and that the government was unwilling to control his persecutors, but that he failed to show that he was harmed on account of his sexual orientation. The record compels the conclusion that one central reason Pintor Izquierdo was harmed was on account of his sexual orientation. *See Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) (explaining that "persecution may be caused by more than one central reason"). Pintor Izquierdo is entitled to a presumption that his life or freedom would be threatened if returned to Mexico. 8 C.F.R. § 1208.16(b)(1)(i). Thus, we grant the petition for review as to his withholding of removal claim and remand for the agency to address in the first instance whether the government has rebutted this presumption. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Further, in denying Pintor Izquierdo's CAT claim, the agency found that Pintor Izquierdo failed to establish that he could not relocate. When the BIA and

IJ issued their decisions in this case, they did not have the benefit of this court's

decision in *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc)

(applicants need not demonstrate that relocation would be impossible). Thus, we

also grant the petition as to Pintor Izquierdo's CAT claim, and remand for the

agency to determine the impact, if any, of this decision. *See Ventura*, 537 U.S. at

16-18.

**PETITION FOR REVIEW GRANTED; REMANDED.**